Opinion issued January
27, 2011.

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 


 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 


 
 

 
 



NO. 01-10-00179-CR

____________

 








FRANK ANTHONY MARRON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 


 
 

 
 
 

On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 1198626

 


 
 

 
 
 



MEMORANDUM OPINION








Appellant, Frank Anthony Marron, pleaded
guilty without an agreed punishment recommendation to felony murder.  See
Tex. Penal Code Ann. § 19.02(b)(3)
(Vernon 2003).  After preparation of a
pretrial sentence investigation, the trial court assessed punishment at 40
years’ confinement.  Appellant timely
filed a notice of appeal.   

Appellant’s appointed counsel on
appeal has filed a motion to withdraw, along with an Anders brief stating that the record presents no reversible error
and therefore the appeal is without merit and is frivolous.  See
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  We grant counsel’s motion to withdraw and
affirm the trial court’s judgment.

An attorney has an ethical obligation
to refuse to prosecute a frivolous appeal.  In re
Schulman, 252 S.W.3d 403, 407 (Tex.
Crim. App. 2008).  If an appointed
attorney finds a case to be wholly frivolous, his obligation to his client is
to seek leave to withdraw.  Id. 
Counsel’s obligation to the appellate court is to assure it, through an Anders brief, that, after a complete
review of the record, the request to withdraw is well-founded. Id.

We may not grant the motion to
withdraw until:

(1)     the
attorney has sent a copy of his Anders
brief to his client along with a letter explaining that the defendant has the
right to file a pro se brief within 30 days, and he has ensured that his client
has, at some point, been informed of his right to file a pro se PDR; 

(2)     the
attorney has informed us that he has performed the above duties; 

(3)     the
defendant has had time in which to file a pro se response; and

(4)     we
have reviewed the record, the Anders brief,
and any pro se brief.

 

See id. at
408–09. 
If we agree that the appeal is wholly frivolous, we will grant the
attorney’s motion to withdraw and affirm the trial court’s judgment. See Garner v. State, 300 S.W.3d 763, 766
(Tex. Crim. App. 2009).  If we conclude that arguable grounds for
appeal exist, we will grant the motion to withdraw, abate the case, and remand
it to the trial court to appoint new counsel to file a brief on the merits.  See
Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  

Here, counsel’s brief reflects that
he delivered a copy of the brief to appellant and informed him of his right to examine
the appellate record and to file a response. 
See Schulman, 252 S.W.3d at
408.  Appellant has filed a pro se response.

In his response, appellant contends
that the indictment is void because “he did not intentionally kill
anyone.”  He also alleges that counsel
was deficient for allowing him to plead guilty to the “void indictment.”  Appellant’s contentions are without merit.  Felony murder does not require an intent to
kill—its culpable mental state is supplied by the mental state accompanying the
underlying felony.  See Salinas v. State, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005).  Appellant
also contends that counsel was deficient for failing to interview witnesses,
however, nothing in the record supports this assertion.

          Counsel’s
brief meets the Anders requirements
by presenting a professional evaluation of the record. See Anders, 386 U.S. at 744, 87 S. Ct. at 1400; see also High v. State, 573 S.W.2d 807, 812
(Tex. Crim. App. 1978).  Counsel
discusses the evidence, supplies us with references to the record, and provides
us with citation to legal authorities.  Counsel
indicates that he has thoroughly reviewed the record and that he is unable to
advance any grounds of error that warrant reversal.  See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Mitchell v. State, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st
Dist.] 2006, no pet.).  

We have independently reviewed the
entire record, and we conclude that no reversible error exists in the record,
that there are no arguable grounds for review, and that therefore the appeal is
frivolous. See Anders, 386 U.S. at
744, 87 S. Ct. at 1400; Garner, 300
S.W.3d at 767 (explaining that frivolity is determined by considering whether
there are “arguable grounds” for review); Bledsoe,
178 S.W.3d at 826–27 (emphasizing that reviewing court—and not counsel—determines,
after full examination of proceedings, whether the appeal is wholly frivolous);
Mitchell, 193 S.W.3d at 155.  Although we may issue an opinion explaining
why the appeal lacks arguable merit, we are not required to do so.  See
Garner, 300 S.W.3d at 767.  An
appellant may challenge a holding that there are no arguable grounds for appeal
by filing a petition for discretionary review in the Court of Criminal Appeals.
See Bledsoe, 178 S.W.3d 827 & n.6.

          We
affirm the judgment of the trial court and grant counsel’s motion to withdraw.[1]
  Attorney
Jerald K. Graber must immediately send the notice required by Texas Rule of
Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of
this Court.  See Tex. R. App. P.
6.5(c).

PER CURIAM

 

Panel consists of Justices Keyes, Sharp, and
Massengale.

 

Do not publish. 
Tex. R. App. P. 47.2(b).

 

 

 

 

 











[1]
              Appointed
counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Texas Court of
Criminal Appeals. See Bledsoe v. State,
178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).